# United States Court of Appeals for the Fifth Circuit

———————

No. 25-11211
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHAMNAP IN,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-128-1

————————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Chamnap In appeals his 18 U.S.C. § 922(g)(1) conviction for possessing a firearm after a felony conviction. He argues for the first time on appeal that § 922(g)(1) facially violates the Second Amendment and exceeds Congress's Commerce Clause authority if the commerce element is interpreted to be satisfied by past interstate travel of the firearm, noting that

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11211

the arguments are foreclosed.  The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file a brief.

We have held that § 922(g)(1) does not violate the Second Amendment on its face.  *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025).  Appellant's arguments based on the Commerce Clause are also foreclosed.  *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Because the parties correctly conclude that these issues are foreclosed, the Government's motion for summary affirmance is GRANTED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The Government's alternative motion for an extension of time to file its appellate brief is DENIED as moot, and the judgment of the district court is AFFIRMED.